IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JOSHUA SANDLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 23-cv-02398-MSN-tmp |
| ) | |
| MARQUEZ STEGALL and ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Before the court is *pro se* plaintiff Joshua Sandlin's Motion for Remand. (ECF No. 9.) For the reasons below, the undersigned recommends that Sandlin's motion to remand be granted.[1]

### I.   PROPOSED FINDINGS OF FACTS

On May 18, 2023, Sandlin filed an uninsured motorist complaint against defendants Marquez Stegall[2] and State Farm Mutual Automobile Insurance Company ("State Farm") in the Circuit Court of Shelby County, Tennessee for the Thirtieth Judicial District at

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

[2]Marquez Stegall was the driver involved in this car accident. However, there is a pending motion for substitution because Marquez Stegall passed away on July 30, 2022, and as a result, Marquez Stegall was never served. (ECF Nos. 10, 16.)

Memphis, case number CT-1949-23. (ECF No. 2.) In his complaint, Sandlin alleges that his insurance policy has a "policy limit of $50,000 per person, [$]100,000 per accident, [and $]50,000 property damage. The policy has a stand-alone first party medical payment coverage benefits of $10,000." (Id. at PageID 10.) Sandlin alleges that State Farm breached its contract and breached its implied duty of good faith and fair dealing by failing to pay the damages related to his uninsured motorist claim. (Id. at PageID 11–12.) Under each count, Sandlin alleges that he is entitled to the policy limit payment of $50,000. (Id. at PageID 11–13.) Sandlin's complaint also includes a negligence claim against Stegall but is silent as to the damages sought under that claim.

State Farm removed the case to federal court on June 30, 2023. (ECF No. 1.) On August 2, 2023, Sandlin filed the present motion to remand the case to the state court because State Farm cannot demonstrate that the amount in controversy exceeds $75,000. (ECF No. 9.) State Farm filed its response on August 17, 2023, arguing that Sandlin is requesting at least $100,000 total — $50,000 for each claim plus other equitable relief. (ECF No. 15 at PageID 60.)

## II.   PROPOSED CONCLUSIONS OF LAW

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). "[A]ny civil action brought in a State court of which the district

courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States[.]" 28 U.S.C. § 1441. "Ordinarily, a defendant may remove a state court case to federal court only if it could have been brought there in the first place; that is, if the federal court would have original jurisdiction over the case." Strong v. Telectronics Pacing Sys., Inc., 78 F.3d 256, 259 (6th Cir. 1996). In removing an action to federal court, "[t]he party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." Parker v. Ferguson, No. 6:23-CV-91-KKC, 2023 WL 3827668, at *1 (E.D. Ky. June 2, 2023) (quoting Eastman v. Marine Mech. Corp., 438 F.3d 544, 549 (6th Cir. 2006)). "[T]he removal statute 'should be strictly construed and all doubts resolved in favor of remand.'" Combs v. Davey Tree Expert Co., No. 21-79-DLB, 2022 WL 988363, at *2 (E.D. Ky. Mar. 31, 2022) (quoting Eastman, 438 F.3d at 550).

"In the Sixth Circuit, it is generally agreed that the amount [in] controversy is determined 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.'" Bascom v. Chawla Hotels, Inc., No. 22-cv-2630-MSN-tmp, 2022 WL 19001968, at *2 (W.D. Tenn. Oct. 19, 2022) (quoting Fed. Nat'l Mortg. Ass'n v. Jaa, No. 14-2065-STA-dkv, 2014 WL 1910898, at *5 (W.D. Tenn. May 13, 2014) and Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 376-77 (6th Cir. 2007)). "Courts

discern the amount in controversy by consulting the face of the complaint and accepting the plaintiff's good faith allegations." Id. (quoting Thornton v. Comerica Bank, 510 F. App'x 439, 440 (6th Cir. 2013)). "In its review, the court may 'look beyond the pleadings to assess challenged facts,' including affidavits and documents." Combs, 2022 WL 988363, at *2 (quoting Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co., 491 F.3d 320, 330 (6th Cir. 2007)). The defendant bears the burden of showing that it is "more likely than not" that the plaintiff is "entitled to a recovery of at least $75,000.01" should the plaintiff be successful in proving their legal claims. Heyman v. Lincoln Nat'l Life Ins. Co., 781 F. App'x 463, 470 (6th Cir. 2019).

As a *pro se* plaintiff, Sandlin is held to less stringent standards in drafting his complaint. See Williams, 631 F.3d at 383. Sandlin alleges that the insurance policy limit is $50,000, and he includes a request for $50,000 under the heading for breach of contract claim and the heading for breach of the implied duty of good faith and fair dealing. (ECF No. 2 at PageID 10-13.) Although Sandlin includes separate headings for breach of contract and breach of the implied duty of good faith and fair dealing, under Tennessee law, "[t]he implied duty of good faith and fair dealing serves as part of a breach of contract action rather than [as] a cause of action in and of itself." Tire Discounters, Inc. v. People's Dev. Co., Inc., No. 3:19-CV-00483-DCLC, 2021 WL

- 4 -

2745871, at *8 (E.D. Tenn. July 1, 2021) (quoting Fountain Leasing, LLC v. Kloeber, No. 3:12-CV-317, 2013 WL 4591622, at *4 (E.D. Tenn. Aug. 28, 2013) and Lyons v. Farms Ins. Exch., 26 S.W.3d 888, 894 (Tenn. Ct. App. 2000)). Accordingly, Sandlin's complaint alleges damages of $50,000 for the conduct giving rise to his allegations of breach of contract and breach of the implied duty of good faith and fair dealing. Further, Sandlin's complaint is silent as to the amount of damages in his negligence claim against Stegall, and it is not for the court to speculate as to the amount of damages that are available to a plaintiff. State Farm has failed to show that Sandlin has pled the jurisdictional amount. Therefore, the court lacks subject matter jurisdiction over this case.

### III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the motion to remand be granted.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

October 23, 2023
Date

NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**